

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-76,401

**EX PARTE THELMA MALDONADO, AKA TAMMY MALDONADO, AKA THELMA MALDONADO LOMAS, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 17196-B IN THE 104TH JUDICIAL DISTRICT COURT FROM TAYLOR COUNTY

*Per curiam.*

**O P I N I O N**

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant entered an open plea of guilty to murder, and was sentenced to life imprisonment.

Applicant contends that she was denied her right to appeal through no fault of her own, and requests the opportunity to file an out-of-time appeal.

The trial court has determined that Applicant indicated a desire to appeal at the time of her

sentencing, and that trial counsel asked the trial court to appoint new counsel for appeal. The trial court also finds that due to a mis-communication between trial counsel and the trial court, appellate counsel was not appointed until after the deadline for filing a notice of appeal had passed. trial counsel failed to timely file a notice of appeal.

We find, therefore, that Applicant is entitled to the opportunity to file an out-of-time appeal of the judgment of conviction in Cause No. 17196-B from the 104th Judicial District Court of Taylor County. Applicant is ordered returned to that time at which she may give a written notice of appeal so that she may then, with the aid of counsel, obtain a meaningful appeal. All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, she must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues.

Delivered: August 25, 2010
Do Not Publish